UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA )<br>)<br>**Plaintiff and Counter-Defendant,** )<br>) **Civil No. 04-0266**<br>**v.** )<br>)<br>**R.R.,** *et. al.,* )<br>)<br>**Defendants and Counter-Claimant.** )<br>) | |

## MEMORANDUM OPINION

This matter comes before the Court on defendants' motion for attorney's fees and costs. Upon consideration of the motion, the opposition thereto, the reply, and the record herein the Court will grant the defendants' motion in part, and deny it in part.

## BACKGROUND

The procedural history with respect to this case is as follows: on February 18, 2004, plaintiff filed a complaint in the Superior Court for the District of Columbia, seeking reversal of a November 7, 2003 administrative determination issued pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. 1400 *et seq.* ("IDEA"). After removal, this Court denied defendants' Motion to Dismiss for Failure to State a Claim upon Which Relief can be Granted and Insufficiency of Service of Process. On May 12, 2004, defendants filed their Answer, Affirmative Defenses, and Counterclaim and on September 21, 2004 plaintiff filed its Motion for Summary Judgment. In a Memorandum Opinion and Order issued March 31, 2005, this Court denied the defendants' Motion to Dismiss for Lack of Jurisdiction, dismissed the defendants' Counterclaim and denied the plaintiff's Motion for Summary Judgment, resulting in the affirmance of the administrative determination.

Pursuant to this Court's Order of March 31, 2005, defendants now seek attorney's fees and costs totaling $31,813.98.  Plaintiff concedes that the defendants are the prevailing party in this matter and are entitled to reasonable attorney's fees and costs; however, plaintiff alleges that the fees are unreasonable and should be reduced.  Specifically, the plaintiff claims that the defendants are not entitled to fees and costs attributed to:  the unsuccessful motions to dismiss and counterclaim, fees relating to certain IEP meetings, excessive hourly rates, as well as, excessive billing.  Finally, the plaintiff alleges that the fee cap rider in Section 327 of the District of Columbia Appropriations Act, 2005, Pub. L. No. 108-335, caps the defendant's liability for attorney's fees at $4,000.

## DISCUSSION

Under IDEA, this Court, "in its discretion, may award reasonable attorney's fees and costs... to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B).  The fee award is based upon the rates prevailing in the community.  § 1415(i)(3)(C).  Furthermore, awards are inappropriate for time spent preparing for IEP meetings. § 1415(i)(3)(D)

    *A.    Hourly Rates*

IDEA limits the hourly rate of attorney's fees to the prevailing community rate.  § 1415(i)(3)(C).  This Court relies upon the fee schedule ("Laffey Matrix") adopted in <u>Laffey v. Northwest Airlines, Inc.</u>, 746 F.2d 4, 12-13 (D.C. Cir.1984), and updated by the United States Attorney's Office for the District of Columbia, to determine the prevailing community rate.  See <u>Covington v. District of Columbia</u>, 57 F.3d 1101, 1109 (D.C. Cir. 1995) (upholding this Court's reliance on the Laffey Matrix as a measurement of a rate's reasonableness); .  Plaintiff contends

that the hourly rate for attorneys Iseman and Moynihan exceeded the prevailing community rate. Defendants have billed these attorneys, who each have five years of experience, at $250 per hour. In accordance with the Laffey Matrix, this Court reduces the awarded hourly rates for attorneys Iseman and Moynihan to $225.

     B.    *IEP Meetings*

The plaintiff correctly claims that the defendants may not collect fees and costs for work relating to IEP meetings. § 1415(i)(3)(D)(ii) states that "attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action." Plaintiff identifies $4,795 for time dedicated to IEP Meetings. The defendants do not dispute the amount. Therefore, defendants' proposed award is reduced by $4,795.00.

     C.    *Motions and Claims that Defendants did not Prevail Upon.*

Plaintiff also alleges that the defendants are not entitled to fees for the unsuccessful motions to dismiss and counter-claim. Despite the defendants' claim to the contrary, a prevailing party is not entitled all time spent litigating a successful claim. Attorney fees should be reduced for motions and claims that were unrelated to the successful resolution of the action. Copeland v. Marshall, 641 F.2d 880, 892-93 (D.C. Cir. 1980).

Here, the Court denied the defendants' motions to dismiss noting that the motion was untimely as the 120 day period for process of service had not expired. Additionally, this Court dismissed the defendants' counterclaim because it was time barred by the statute of limitations. These motions were unrelated to the success of the claim. The motions to dismiss did not help to advance the success of the party, as they were unrelated to the substantive merits of the issues.

As the counterclaim was time barred by the statute of limitations, it did not relate to the final disposition of the suit.  Accordingly, the proposed award is reduced by the amount of time spent on these motions.  Ms. Iseman, Ms. Moynihan, and Mr. Eig billed $3,125, $5,212, and $1,715 for these motions, respectively.

> D.     *Unreasonable Expenditures*

Plaintiff also claims that other portions of the bill are excessive and duplicative.  Specifically, plaintiff claims that defendants billed over four hours for a simple notice of removal.  However, plaintiff's claims are exaggerated because the plaintiff is attempting to get credit for a billing that has already been struck.  A closer examination reveals that the plaintiff only spent two hours on the notice to remove.

Additionally, the plaintiff alleges that the defendant has overbilled for reviewing time slips and drafting the motion for fees.  This Court is inclined to agree that $2,205 for such a simple task is unreasonable.  Therefore, this court reduces the bill for the fees on fees to $800.

Even after these reductions this Court finds that the defendants engaged in excessive conference calls and reduces the remaining conference calls by one-third.

> E.     *Fee Cap Rider*

Section 327 of the District of Columbia Appropriations Act, 2005, Pub. L. No. 108-335, prohibits the payment of "the fees of an attorney who represents a party in an action or an attorney who defends an action, including an administrative proceeding, brought against the District of Columbia Public Schools under [IDEA] in excess of $4,000 for that action."  The plaintiff contends that this fee cap applies in this action, however, this case presents a rare situation where the District of Columbia is seeking relief from an administrative decision.  To

determine the cap's effect on actions brought by the District of Columbia, the first place to turn is the plain language of the statute. "When Congress wants to use an appropriations act to limit court authority, it knows precisely how to do so." Calloway v. District of Columbia, 216 F.3d 1, 9 (D.C. Cir. 2000). The plain meaning of the statute indicates that the fee cap applies only in actions brought <u>against</u> the District of Columbia. Furthermore, all case law relating to the fee cap is confined to its application to the attorney's fees for parents who brought suit <u>against</u> the District of Columbia. In light of the appropriation act's plain meaning and the absence of any authority to the contrary, this Court is of the opinion that the fee cap does not apply in this rare circumstance. Defendants' attorney's fees are not limited by the $4,000 fee cap.

## **CONCLUSION**

The Court strikes the following from the proposed award: (1) $10,052 for the unsuccessful motions and claims, (2) $4,795 for the IEP meetings, (3) $1405 charged for the fees on fees (awarding $800), (4) one-third of the $1170 dollars spent on conference calls, or $390, and (5) the hourly rates for attorneys Iseman and Moynihan are reduced from $250 to $225. The Court awards the defendants $13,472.95 in fees and $986.48 in costs. Appendix A, attached hereto, reflects the Court's calculations.

A separate order shall issue this date.


Signed by Royce C. Lamberth, United States District Judge, October 6, 2005.